# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SYNGE DENISE TYSON,
                Appellant,

        v.

DEPARTMENT OF COMMERCE,
                Agency.

DOCKET NUMBER
DC-0752-14-0446-A-1

DATE: May 16, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Laura E. Varela-Addeo, Silver Spring, Maryland, for the appellant.

Adam Chandler, Esquire, Washington, D.C., for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the addendum initial decision, which denied her request for attorneys' fees and costs. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the addendum initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2          The agency appointed the appellant to the excepted-service position of Human Resources Specialist on January 14, 2013. *Tyson v. Department of Commerce*, MSPB Docket No. DC-0752-14-0446-I-1, Initial Appeal File (IAF), Tab 4 at 58. Months later, the agency reassigned her to the excepted-service position of Reasonable Accommodation Coordinator. *Id.* at 55. On January 14, 2014, a year after her initial appointment, the agency terminated the appellant for deficient performance and unacceptable conduct. *Id.* at 50-51. The agency recorded the action as a probationary termination. *Id.* at 53.

¶3          The appellant filed a Board appeal alleging that she was not a probationary employee when she was terminated because she previously was employed by the Department of Veterans Affairs and had no break in service between that position and her most recent position. IAF, Tab 1 at 6. The agency filed a motion to dismiss the appeal for lack of jurisdiction, asserting that the appellant was not an "employee" with Board appeal rights under 5 U.S.C. § 7511 because her previous position as a Blind Rehabilitation Specialist was not the same or similar to the position from which she was terminated. IAF, Tab 4 at 5-27. The appellant responded, arguing otherwise. IAF, Tab 5 at 4-15. While the appeal was pending, the parties reached a settlement agreement concerning the appellant's Board appeal and any other claims, including equal employment opportunity (EEO) claims. IAF, Tabs 20-21. The administrative judge entered the agreement into the record for enforcement purposes and dismissed the appeal as settled. IAF, Tab 22, Initial Decision.

¶4          The appellant filed the instant motion for attorneys' fees and costs totaling $102,154.86. *Tyson v. Department of Commerce*, MSPB Docket No. DC-0752-14-0446-A-1, Attorney Fee File (AFF), Tab 1. In an addendum initial decision, the administrative judge denied the motion and awarded no fees. AFF, Tab 8, Addendum Initial Decision (AID). Although she found that the appellant was the prevailing party and had incurred attorney fees, AID at 4-5, the administrative

judge concluded that fees were not warranted in the interest of justice, AID at 5-6.  The administrative judge also found that, even if fees were warranted in the interest of justice, the appellant did not meet her burden of showing that the fees requested were reasonable.  AID at 6-8.  The appellant has filed a petition for review of the addendum initial decision.  *Tyson v. Department of Commerce*, MSPB Docket No. DC-0752-14-0446-A-1, Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 4.

¶5          Unlike cases where a party asserts that it is entitled to an award of attorney fees under 5 U.S.C. § 7701(g)(1),[2] the parties in this case agreed to an award of attorney fees as part of their settlement agreement.  IAF, Tab 20 at 7; AFF, Tab 1 at 17.  The agreement provided as follows:

> ATTORNEYS' FEES.  The parties agree that Appellant shall file a petition for attorneys' fees with the Administrative Judge with the MSPB assigned to this matter for all claims related to this matter including Appellant's EEO claim(s), and that the Agency shall file a response to said petition.  The parties further agree that the Administrative Judge shall then determine "reasonable" attorneys' fees in this matter.

IAF, Tab 20 at 7; AFF, Tab 1 at 17.  The plain language of the agreement did not provide for or even suggest that the administrative judge may altogether deny such fees because they were not in the interest of justice.  *See Martin v. Department of Justice*, 99 M.S.P.R. 59, ¶ 20 (2005) (recognizing that the centerpiece of the Board's analysis in construing terms of a written settlement

---

[2] To receive an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show that:  (1) he was the prevailing party; (2) he incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of attorney fees is warranted in the interest of justice; and (4) the amount of attorney fees claimed is reasonable.  *See Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 5 (2015).  An award of attorney fees may be warranted under section 7701(g)(1) in the interest of justice when: (1) the agency engaged in a prohibited personnel practice; (2) the agency action clearly was without merit or wholly unfounded, or the employee was substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed gross procedural error; or (5) the agency knew or should have known that it would not prevail on the merits.  *See Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 434-35 (1980).

agreement is the plain language of the agreement), *aff'd*, 188 F. App'x 994 (Fed. Cir. 2006). In fact, although the agency's response to the motion for fees cited the section 7701(g)(1) standard and disputed the reasonableness of the fees requested, the agency conceded that it "expects to pay a reasonable amount of attorney's fees." AFF, Tab 4 at 5.

¶6     Under these circumstances, it was improper for the administrative judge to consider the appellant's motion for attorneys' fees under section 7701(g)(1). *See, e.g.*, *Sherrell v. Department of the Navy*, 92 M.S.P.R. 15, ¶¶ 2, 4 (2002) (finding that an appellant did not have to satisfy the "prevailing party" or "interest of justice" standards of section 7701(g)(1) when the entitlement to fees was based on a settlement agreement in which the agency agreed to pay "reasonable fees and costs"). Therefore, we find that remand is required for the administrative judge to give full effect to the settlement agreement by determining what fees were reasonable.[3] *See Jones v. Department of Health & Human Services*, 56 M.S.P.R. 311, 314-15 (1993) (finding that an administrative judge should give full effect to a settlement agreement provision which indicated that the appellant was entitled to a reasonable amount of attorney fees as determined by the Board); *see also Sowa v. Department of Veterans Affairs*, 96 M.S.P.R. 408, ¶ 11 (2004) (recognizing that an administrative judge is in the best position to evaluate attorney fee requests).

¶7     Aside from improperly considering the appellant's motion for attorneys' fees under section 7701(g)(1), the administrative judge indicated that fees associated with her EEO claims would not be recoverable at the Board unless those claims were inherently part of and contributed to the success of her Board appeal. AID at 7. We disagree.

---

[3] We recognize that the administrative judge presented alternative findings, concluding that the fees requested were not reasonable. AID at 6-8. However, the administrative judge did not determine what amount of fees would be reasonable.

¶8      After the administrative judge issued the addendum initial decision in this case, the Board, in *Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 9-16 (2017), overturned prior precedent and found that the source of our authority to enforce settlement agreements is independent of the Board's jurisdiction over the underlying matter appealed.  We found that conclusion to be consistent with not only the law, but public policy considerations as well.  *Id.*, ¶¶ 17-21.  For the same reasons, we find that the administrative judge in this case must determine what fees were reasonable under the terms of the settlement agreement, including those concerning the appellant's related EEO claims.  IAF, Tab 20 at 7.  The Board's enforcement authority is not dependent on jurisdiction over the underlying matter.  Therefore, the Board is not precluded from awarding reasonable fees associated with the appellant's related EEO claims, pursuant to the plain terms of the parties' settlement agreement.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.